**Sohair WAHBA, Respondent,**

v.

**Ibrahim Ahmed ABDEL–KERIM, Appellant.**

**No. 48517.**

Missouri Court of Appeals, Eastern District, Division Six.

Nov. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Leonard W. Buckley, Jr., St. Louis, for appellant.

Larry W. Glenn, St. Louis, for respondent.

CLEMENS, Senior Judge.

Father appeals the trial court's order modifying child custody and support in favor of mother.

By the underlying 1978 decree the court gave the mother primary custody of the parties' two-year-old son and $275 monthly for his support; custody was subject to the

father's weekly visitation and temporary custody during summers.

Then followed the parties' present modification motions. The father was to be employed in Saudi Arabia and sought the son's custody while there; the mother sought to keep the son in the United States and to increase the support judgment.

The pertinent modification decree findings and provisions: The father is to be employed in Saudi Arabia, with a one-month vacation; he is à dual citizen of Egypt and the United States. Under Egyptian law the son's custody would be solely in the father. The father is to have visitation and temporary custody only while in this country. The father earns $60,000 a year, tax free. The mother is gainfully employed as an engineer. She owns a condominium where she lives with her son who attends a private school. Cost of the son's maintenance has increased and the father's monthly support is raised from $275 to $450.

The evidence showed both parents are devoted to their son and physically and emotionally desire to share his welfare.

The parties agree this case is unique under Missouri custody law. We have considered the Missouri and out-of-state custody cases cited by husband. The facts there are so different that the cases are hardly controlling.

Here the evidence conflicts as to whether the father intended to seek Egyptian citizenship for the son. If he did, that would stifle the mother's custody rights.

■ The conflicts in evidence were for the trial court to resolve and we must take the rulings in light of the results reached. *Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481[1–4] (Mo. banc 1980). As ruled in *K–R–(S–)D v. C–D–S,* 646 S.W.2d 428[6] (Mo.App.1983):

"... we must bear in mind that the trial court was in a better position not only to judge the credibility of the witnesses and the persons directly but also their sincerity and character and other trial intangibles which may not be completely revealed in the record."

■ We deny father's objection to the mother's custody and consider his challenge to increasing the monthly child support from $275 to $450.

The trial court heard each party's testimony of income and expenses and also their filed financial statements.

■ The father had a gross income of $5,000 a month, tax free. He broadly claims $1,800 a month for his living and recreational expenses, thus leaving $3,200 a month surplus. In contrast the wife listed the son's monthly expenses at $593, thus leaving $143 a month for her to pay from her own earnings of $1,782 per month.

In the parties' cited case of *McNulty v. Heitman,* 600 S.W.2d 168[15] (Mo.App. 1980) we ruled:

"... a party's testimony as to expenses is sufficient evidence on which to base an allowance of child support and need not be proved with absolute particularity. The trial court may, at its option, accept or reject such evidence."

We hold the trial court did not err either as to custody or child support.

REINHARD, C.J., and CRIST, J., concur.